UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAUNA MCKENZIE-MORRIS and FREEMIND MUSIC LLC,<br><br>        Plaintiffs,<br><br>    v.<br><br>V.P. RECORDS RETAIL OUTLET, INC., V.P. MUSIC GROUP, INC., V.P. RECORD DISTRIBUTORS, LLC, V.P. RECORDS OF BROOKLYN LLC, GREENSLEEVES PUBLISHING, LTD and STB MUSIC INC.<br><br>        Defendants. | **Civil Action No.: 22-1138**<br><br>**NOTICE OF REMOVAL** |

   Pursuant to 28 U.S.C. §§ 1331, 1338, 1441, and 1446, defendants V.P. Records Retail Outlet, Inc., V.P. Music Group, Inc., V.P. Record Distributors, LLC, V.P. Records Of Brooklyn LLC, Greensleeves Publishing, Ltd. and STB Music Inc. (collectively "Defendants") hereby jointly remove the above-captioned action from the Supreme Court of the State of New York, County of New York to the United States District Court for the Southern District of New York, and in support thereof state as follows:

**STATE COURT ACTION**

   1.  On or about January 7, 2022, Plaintiffs Shauna McKenzie-Morris and Freemind Music LLC ("Plaintiffs") filed a Summons and Complaint against Defendants in the Supreme Court of the State of New York, County of New York, under Index No. 650121/2022 (the "Action"). A copy of Plaintiffs' Summons and Complaint is annexed hereto as **Exhibit A**.

   2.  Plaintiffs served Defendants via the New York Department of State on January 11, 2022. Copies of the Affidavits of Service are annexed hereto as **Exhibit B**.

1

3. The Summons and Complaint and Affidavits of Service constitute all process, pleadings, and orders served on Defendants prior to removal of this action. 28 U.S.C. § 1446(a).

## TIMELINESS OF REMOVAL AND PROPRIETY OF VENUE

4. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is filed within 30 days of Defendants being served on January 11, 2022.

5. The Action was commenced in the Supreme Court of the State of New York, County of New York. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## GROUNDS FOR REMOVAL – FEDERAL QUESTION JURISDICTION

6. The Court has original jurisdiction over the Action under 28 U.S.C. §§ 1331 and 1338, and the Action is therefore properly removable under 28 U.S.C. §§ 1441 and 1446.

7. Specifically, this Court has exclusive jurisdiction under 28 U.S.C. §§ 1331 and 1338 because three of Plaintiffs' purported state law claims are "completely preempted" by the United States Copyright Act, 17 U.S.C. § 301(a).

8. As explained in *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, the Copyright Act exclusively governs and completely preempts state law claims when: "(1) the particular work to which the claim is being applied falls within the type of works protected by the Copyright Act under 17 U.S.C. §§ 102 and 103, and (2) the claim seeks to vindicate legal or equitable rights that are equivalent to one of the bundles of exclusive rights already protected by copyright law under 17 U.S.C. § 106." 373 F.3d 296, 305 (2d. Cir 2004). The first prong of this test is called the "subject matter requirement" and the second prong is called the "general scope requirement." *Id*.

9. Under the doctrine of complete preemption, "the preemptive force of the law is so 'extraordinary' that it converts an ordinary state common-law complaint into one stating a federal

claim for purposes of the well-pleaded complaint rule," *id*. at 304 (citation omitted), and (ii) "[i]t therefore follows that the district courts have jurisdiction over state law claims preempted by the Copyright Act." *Id*. at 305. In *Briarpatch*, the Second Circuit affirmed the denial of a motion to remand because, under the "complete preemption" doctrine, the Copyright Act provided for exclusive Federal Court jurisdiction over the claimant's purported state law unjust enrichment and declaratory judgment claims. *Id*. at 309. *See also Adina's Jewels, Inc. v. Shashi, Inc.*, 442 F. Supp.3d 766, 771 & 773 (S.D.N.Y. 2020) (applying *Briarcliff* and denying motion to remand lawsuit that included state law claims subject to Copyright Act's "complete preemption," including claim of unjust enrichment).

10. Among the causes of action Plaintiffs include in their Complaint are three purported state law claims that are based upon Defendants' alleged misappropriation, conversion and unjust enrichment from exploitation of various musical works. Each of these claims are subject to "complete preemption" under 17 U.S.C. § 301 because: (i) they involve musical works, which are within the subject matter of the Copyright Act, 17 U.S.C. § 102; (ii) they seek to vindicate rights that are "are equivalent to one of the bundle of exclusive rights already protected by copyright law under 17 U.S.C. 106"; and (iii) they do not "include any extra elements that make it qualitatively different from a copyright infringement claim." *Briarpatch*, 373 F.3d at 305-06.

### A.  Plaintiffs' Seventh and Ninth Causes of Action Are Preempted by the Copyright Act

11. Plaintiffs' seventh cause of action, which alleges purported state law claims for "Unlawful Appropriation and Unjust Enrichment," is preempted by the Copyright Act as Plaintiffs are plainly seeking remedies available under the Copyright Act for the alleged misappropriation and unauthorized exploitation of works protected and governed by copyright law.

12. In support of their seventh cause of action, Plaintiffs allege, *inter alia*, that (i) "Defendants did not and do not have the right to commercially exploit the pre-December 1, 2008 Masters, Albums, Compositions and/or Recordings . . ." (Exhibit A, ¶ 147); (ii) "Defendants did not and do not have the right to commercially exploit or sell certain Masters, Albums, Compositions and/or Recordings . . ." (Exhibit A, ¶ 148); (iii) "Defendant STB did not and does not have the right to commercially exploit McKenzie's Masters, Albums, Compositions and/or Recordings, including but not limited to "Warrior Love" and "Roots," in its reggae compilations" (Exhibit A, ¶ 150).

13. Plaintiffs' ninth cause of action, alleging a claim for "conversion," is also preempted by the Copyright Act as this claim seeks remedies available under the Copyright Act for Defendants' alleged misappropriation and exploitation of musical works. For example, Plaintiffs allege, *inter alia*, that (i) Defendants are wrongfully and intentionally depriving Plaintiff of her property." (Exhibit A, ¶ 168); (ii) Defendants have diverted away from [Plaintiff] and given to themselves, Plaintiffs' property right to royalties for recording, writing, co-writing and/or producing the Masters, Albums, Compositions and/or Recordings" (Exhibit A, ¶ 169); and (iii) "Every time that Defendants received and continues to receive royalties in connection with the Masters, Albums, Compositions and/or Recordings, which include [Plaintiff's] royalties, and Defendants did not and do not contact Plaintiffs and pay over to Plaintiffs McKenzie's royalties, Defendants committed and commits repeated acts of Conversion, the equivalent of theft." (Exhibit A, ¶ 168).

14. Second Circuit law is clear that state law claims for "unjust enrichment" and for "conversion" are preempted by the Copyright Act and subject to exclusive federal subject matter jurisdiction in situations such as this. *See, e.g.*, *Roberts v. BroadwayHD LLC*, 518 F. Supp. 3d

4

719, 734–35 (S.D.N.Y. 2021) ("Plaintiff's unjust enrichment claim seeks to vindicate his right to control the copying, distribution, and public performance of his Vocal Arrangements. And the alleged 'unjust enrichment' consists of royalties and other amounts allegedly received by the L&S Defendants in connection with the exploitation of the Recording containing Plaintiff's Vocal Arrangements. These elements do not meaningfully distinguish the claim from Plaintiff's copyright infringement claim."); *Atrium Grp. de Ediciones y Publicaciones, S.L.* v. *Harry N. Abrams, Inc.*, 565 F. Supp. 2d 505, 509 (S.D.N.Y. 2008) ("The allegation that Plaintiffs failed to receive any advance payment, royalties, or remuneration of any kind whatsoever from Defendants does not transform their copyright infringement claim into an unjust enrichment claim. If the law were otherwise, every time [a] copyright infringer obtained any profit from his infringing activity, the copyright owner would be able to assert a state claim for unjust enrichment."); *Panizza v. Mattel, Inc.*, 2003 WL 22251317, at *4 (S.D.N.Y. Sept. 30, 2003) (removal of unjust enrichment claim to federal court was proper; "[t]he overwhelming majority of courts in this Circuit have held that an unjust enrichment claim based upon the copying of subject matter within the scope of the Copyright Act is preempted" and "[t]here is no element pled by plaintiff in her complaint to quantitatively differentiate it from those areas protected by federal copyright law"); *Patrick v. Francis*, 887 F. Supp. 481, 484 (W.D.N.Y. 1995) (denying defendant's motion to remand; defendant's claims for unjust enrichment and conversion, among others, were preempted by the Copyright Act and therefore removal was proper); *see also Miller v. Holtzbrinck Publishers, L.L.C.*, 377 F. App'x 72, 74 (2d Cir. 2010) (conversion claim was preempted by Copyright Act because "unauthorized publication is the gravamen of [plaintiff's] claim.").

15. For these reasons, Plaintiffs' seventh and ninth causes of action are preempted by the Copyright Act and the Action is properly removed to this Court under 28 U.S.C. §§ 1441 and 1446.

**B. Plaintiffs' Tenth Cause of Action Is Preempted by the Copyright Act**

16. Removal is also appropriate based upon Plaintiffs' tenth cause of action, alleging "Tortious Interference."[1] As with the seventh and ninth causes of action, Plaintiffs are merely seeking monetary recompense for rights governed by copyright law.

17. In support of this claim, Plaintiffs allege, *inter alia*, that "Defendants have fraudulently concealed their true use and disposition of Masters, Albums, Compositions and/or Recordings of McKenzie and have either failed to render proper accounting statements regarding McKenzie's royalties or intentionally rendered dishonest and grossly deficient accounting statements, through the use of wrongful means of competition, including . . . Continuing to market and sell the Masters, Albums, Compositions and/or Recordings after the Royalty Agreements were terminated, thereby depriving McKenzie of revenues and interfering with McKenzie's efforts to reestablish herself in the industry as the producer and distributor of her own music." (Exhibit A, ¶ 175).

18. Where a tortious interference claim is premised upon alleged unauthorized publication or infringement, the claim is preempted by federal law. *See Miller v. Holtzbrinck Publishers, L.L.C.*, 377 F. App'x 72, 74 (2d Cir. 2010) (tortious interference claim and conversion claims preempted by Copyright Law because "'unauthorized publication is the gravamen of [plaintiff's] claim."); *Vargas v. Viacom Int'l, Inc.*, 2018 WL 6920769, at *9 (S.D.N.Y. Nov. 30, 2018) ("Because the tortious interference claim is predicated on Defendants' infringement of

---

[1] Only one of Plaintiffs' state law claims need be preempted by the Copyright Act in order to vest this Court with jurisdiction and for removal to be proper.

6

Plaintiffs' copyright in the Recording, it is preempted."); *Netzer v. Continuity Graphic Assocs., Inc.*, 963 F. Supp. 1308, 1322–23 (S.D.N.Y. 1997) ("[C]laims for tortious interference that are based on allegations of unauthorized exploitation of copyrighted material are preempted by federal copyright law.").

19. For these reasons, Plaintiffs' tenth cause of action is preempted by the Copyright Act and the Action is properly removed to this Court under 28 U.S.C. §§ 1441 and 1446.

**C. The Remainder of Plaintiffs' Action is Removable Under this Court's Exercise of Supplemental Jurisdiction**

20. Under 28 U.S.C. § 1441(c) this entire case—which joins both removable and non-removable claims—may be removed and the District Court may determine all issues therein.

## NOTICE TO PLAINTIFF AND THE STATE COURT

21. A Notice of Filing of Notice of Removal is being filed simultaneously with the Supreme Court of the State of New York, County of New York and served upon all parties, as required by 28 U.S.C. § 1446(d). A copy of such notice is attached as **Exhibit C**.

22. By removing this matter, Defendants do not waive or intend to waive any available claims or defenses.

23. If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to brief any disputed issues and to present oral argument in support of its position that this case is properly removable.

**WHEREFORE,** pursuant to 28 U.S.C. §§ 1331, 1338, 1441, and 1446, Defendants hereby remove this civil action to this Court and respectfully request that this Court.

Dated: February 9, 2022
      New York, New York

Respectfully submitted,

**FOX ROTHSCHILD LLP**

*[signature]*

---

Alan R. Friedman, Esq.
Philip Z. Langer, Esq.
101 Park Avenue, Suite 1700
New York, New York 10178
(212) 878-7900
afriedman@foxrothschild.com
planger@foxrothschild.com

*Counsel for Defendants*