UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHAUNA MCKENZIE-MORRIS and FREEMIND
MUSIC LLC,

       Plaintiffs,

   v.

V.P. RECORDS RETAIL OUTLET, INC., V.P.
MUSIC GROUP, INC., V.P. RECORD
DISTRIBUTORS, LLC, V.P. RECORDS OF
BROOKLYN LLC, GREENSLEEVES
PUBLISHING, LTD and STB MUSIC INC.

       Defendants.

---

Civil Action No.: 1:22-cv-01138-GHW

 

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

 

**FOX ROTHSCHILD LLP**
101 Park Avenue, Suite 1700
New York, New York 10178
(212) 878-7900

*Counsel for Defendants*

On the Brief:

 Alan R. Friedman, Esq.
 Philip Z. Langer, Esq.

## TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT ................................................................................... 4

II.   STATEMENT OF APPLICABLE FACTS ............................................................... 5

III.  FEDERAL RULE OF CIVIL PROCEDURE 11 ...................................................... 7

IV.   LEGAL ARGUMENT ................................................................................................ 7

     A.    PLAINTIFFS' REQUEST IS "FRIVOLOUS" UNDER RULE 11 BECAUSE IT ASKS THE COURT TO CREDIT THE TRUTH OF UNPROVEN ASSERTIONS IN COURT-FILED DOCUMENTS ............................................. 7

     B.    PLAINTIFFS' REQUEST SEPARATELY VIOLATES RULE 11 BECAUSE IT SEEKS JUDICIAL NOTICE OF IRRELEVANT DOCUMENTS ................................................................................................. 10

V.    CONCLUSION ......................................................................................................... 11

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*380544 Canada, Inc. v. Aspen Technology, Inc.*,
544 F.Supp.2d 199 (S.D.N.Y. 2008)..............................................................................................9

*Anthes v. New York Univ.*,
No. 17CV2511 (ALC), 2018 WL 1737540 (S.D.N.Y. Mar. 12, 2018)...................................10

*Beede v. Stiefel Laboratories, Inc.*,
2014 WL 896725 (N.D.N.Y. March 6, 2014)................................................................................9

*Business Guides, Inc. v. Chromatic Comm. Enters., Inc.*,
498 U.S. 533, 111 S.Ct. 922 (1991)..............................................................................................7

*Bzeih v. Holder*,
473 F. App'x 69 (2d Cir. 2012)....................................................................................................10

*Cabrera v. Dream Team Tavern Corp.*,
2016 WL 1627621 (E.D.N.Y. April 22, 2016) ..........................................................................10

*Corroon v. Reeve*,
258 F.3d 86 (2d Cir. 2001).............................................................................................................7

*In re DAAVP Indirect Purchaser Antitrust Litigation*,
903 F.Supp.2d 198 (S.D.N.Y. 2012)..............................................................................................9

*Derechin v. State Univ. of New York*,
963 F.2d 513 (2d Cir. 1992)...........................................................................................................7

*Global Network Commc'ns, Inc. v. City of New York*,
458 F.3d 150 (2d Cir. 2006)...........................................................................................................7

*Guzman v. United States*,
2013 WL 543343 (S.D.N.Y. Feb. 14, 2013)..................................................................................7

*Hartmann v. Apple, Inc.*,
2021 WL 4267820 (S.D.N.Y. Sept. 20, 2021)..........................................................................7, 8

*Jacob's Vill. Farm Corp. v. Yusifov*,
2015 WL 5693706 (E.D.N.Y. Sept. 28, 2015) ..........................................................................10

*Meola v. Asset Recovery Solutions LLC*,
2018 WL 4660373 (E.D.N.Y. Sept. 28, 2018) .............................................................................9

ii

*Midamines SPRL Ltd. v. KBC Bank NV*,
  601 F. App'x 43 (2d Cir. 2015) ......................................................................................10

*Morgan v. City of New York*,
  2014 WL 3407714 (E.D.N.Y. July 10, 2014)...................................................................9

*Shim-Larkin v. City of New York*,
  2019 WL 5199419 (S.D.N.Y. Sept. 16, 2019)..................................................................7

*Torres v. Bay Area Credit Servs.*,
  No. 20CV9342-ALC, 2021 WL 406744 (S.D.N.Y. Feb. 5, 2021) ..........................................10

*Weizmann Institute of Science v. Neschis*,
  229 F.Supp.2d 234 (S.D.N.Y. 2002)...............................................................................9

*Yeremis v. Amerit Fleet Solutions*,
  2021 WL 1565693 (S.D.N.Y. April 21, 2021) ...................................................................9

**Other Authorities**

*Facts Judicially Noticeable; Indisputability,* 21B Fed. Prac. & Proc. Evid. § 5104
  §5104 (2d ed.) ...........................................................................................................10

Fed. R. Civ. P. 11 ....................................................................................... *passim*

Federal Rule of Evidence 201(b) ...............................................................................4, 8

Defendants V.P. Records Retail Outlet, Inc., V.P. Music Group, Inc., V.P. Record Distributors, LLC, V.P. Records of Brooklyn LLC, Greensleeves Publishing, Ltd and STB Music Inc. (collectively, "**Defendants**") submit this memorandum of law in support of their motion for sanctions under Federal Rule of Civil Procedure 11 ("**Rule 11**") against Plaintiffs Shauna McKenzie Morris p/k/a Etana and Freehold Music, LLC (collectively, "**Plaintiffs**") based upon their recently filed Request for Judicial Notice [DN 45, the "**Request**"].

## I.    PRELIMINARY STATEMENT

Plaintiffs' Request is frivolous.  It is black letter law that courts cannot take judicial notice of documents filed in other cases for the truth of assertions they contain, as Plaintiffs' Request expressly recognizes.  *See* DN 45 at 3, quoting (quoting *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006)).

In spite of this rule, Plaintiffs' Request seeks to have the Court take judicial notice of cherry picked assertions set forth in the four court-filed documents that are the subject of Plaintiffs' Request.  *See* DN 45, ¶¶ 1-4.  Tellingly, the Request never seeks to explain how these cherry-picked statements meet the requirements for a fact to be judicially noticeable under Federal Rule of Evidence 201(b) ("**Rule 201(b)**").  Had they done so, it would have been readily apparent that none of the statements constitutes "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Rule 201(b). Plaintiffs' failure to do this was unreasonable.  A reasonable attorney, cognizant of his or her obligations under Rule 11, would necessarily have ensured that the matters for which he or she sought judicial notice was properly judicially noticeable under Rule 201.

While Plaintiffs assert that "pleadings and court filings are just the kind of documents" that can be judicially noticed under Rule 201(b), *see* Request at 2, this standard is not applicable to the

judicial notice that Plaintiffs seek.  Plaintiffs do not seek to have the Court take judicial notice of the mere existence of the four documents.  Rather, Plaintiffs seek to have the Court credit the truth of the statements they single out in their Request, which they argue in justifying the Request, "establish that there is a legitimate question of fact related to Plaintiffs' claims and ownership rights."  DN 45 at 4 (emphasis added).  Plainly, the only way these statements can "establish" anything is if they are accepted as true, which is improper under well-settled precedent in this Circuit.  As such, a reasonable attorney would have recognized that the manner in which Plaintiffs offered the statements in the four documents the subject of the Request was not reasonable and was, instead, sanctionable under Rule 11(b)(2) because it could not be supported by "a nonfrivolous argument for extending, modifying or reversing existing law or for establishing new law."  Rule 11(b)(2).

Further, even if Plaintiffs were to now claim their Request simply sought to have the Court take notice of the mere existence of the filed documents and not the truth of their contents – which plainly it was not – their Request would still be frivolous.  The Request makes no effort to explain how taking notice of the existence of these documents is relevant to the pending motion to dismiss, and it is well-settled that judicial notice should not be taken of matters that are not relevant to the issues before the Court.  A reasonable attorney would have known of this limitation and recognized that it rendered Plaintiffs' Request with respect to the four documents irremediably flawed.

## II.    STATEMENT OF APPLICABLE FACTS

On July 8, 2022, Plaintiffs submitted a pre-Motion letter requesting the Court to take judicial notice of a chain of emails dating between May and June 2022 (the "**Emails**").  [DN 40].  During the pre-motion conference held July 12, 2022, the Court cautioned Plaintiffs' counsel more than once – after hearing her arguments in support of Plaintiffs' anticipated motion – regarding her obligations under Rule 11, *see, e.g.*:

> Let me just pause you. First, counsel, just to be very clear, you are going to be filing a motion here that you are going to be signing and certifying under rule 11. Your arguments right now are not particularly precise, so I just want to be very clear that you understand that you have a nonfrivolous basis for the application . . .

[DN 40, 5:24-6:4].

> Counsel, let me pause you again. You're going to be signing a motion subjected to rule 11 sanctions taking the positions that you are describing here. Do you have any case law that suggests that the argument you are making is accurate, that is, the sources that cannot be reasonably disputed is a condition that can be satisfied by looking at the anticipated testimony of multiple witnesses, as opposed to looking at things like a periodic table or things that are, I'll call it, very certain.

[DN 41, 6:17-7:1]

Notwithstanding these cautions, Plaintiffs filed the Request on July 22, 2022. [DN 45].

Notably, Plaintiffs' Request does not seek judicial notice of the Emails that were the subject of their Pre-Motion Letter or the discussion during the pre-motion conference. Instead, Plaintiffs, with no notice to the Court or to Defendants, Plaintiffs' Request concerns four **documents** filed in various litigations to which Plaintiffs are not party. These documents consist of (1) a letter one of the parties filed in a litigation years after the litigation ended, (2) a verified and amended complaint filed in the Eastern District of New York, (3) a complaint filed in the Southern District of New York, and (4) a complaint filed in the Southern District of Florida. *See* DN 45-1 – 45-4.

As discussed below, Plaintiffs' bait-and-switch is to no avail. Their abandonment of the Emails and effort to have the Court, instead, take judicial notice of the four documents that are the subject of the Request is equally sanctionable under Rule 11.[1]

---

[1] Plaintiffs' unilateral shift regarding the documents which are the subject of their Request marks the second time Plaintiffs have not been transparent with the Court or Defendants. Previously, Plaintiffs obtained permission to file a corrected version of their opposing affirmation to Defendants' motion to dismiss [DN 31], and, under the guise of such permission, also submitted a revised memorandum of law [DN 33]. Plaintiffs' shift on that occasion required the Court to hold a conference which resulted in the Court granting Defendants permission to file an amended reply memorandum [DN 38].

### III.   FEDERAL RULE OF CIVIL PROCEDURE 11

Rule 11 authorizes a court to impose sanctions where pleadings, motions or other papers are not "warranted by existing law or by a non-frivolous argument for the extension, modification or reversal of existing law or the establishment of new law."  Fed. R. Civ. P. 11(b)(2); *Corroon v. Reeve*, 258 F.3d 86, 92 (2d Cir. 2001).  The Rule further states that if "after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction."  Fed. R. Civ. P. 11(c).  The main objective of Rule 11 "is to deter baseless filing and curb abuses."  *Derechin v. State Univ. of New York*, 963 F.2d 513, 519 (2d Cir. 1992) (quoting *Business Guides, Inc. v. Chromatic Comm. Enters., Inc.*, 498 U.S. 533, 553, 111 S.Ct. 922 (1991)).  Rule 11's signature requirement "certifies to the court that the signer has read the document, has conducted a reasonable inquiry into the facts and law and is satisfied that the document is well grounded in both, and is without any improper motive."  *Business Guides*, 498 U.S. at 542; *see also Shim-Larkin v. City of New York*, 2019 WL 5199419, at *9 (S.D.N.Y. Sept. 16, 2019) (Rule 11 "imposes an objective standard of reasonable inquiry which does not mandate a finding of bad faith") (citation omitted).

### IV.   LEGAL ARGUMENT

**A.   PLAINTIFFS' REQUEST IS "FRIVOLOUS" UNDER RULE 11 BECAUSE IT ASKS THE COURT TO CREDIT THE TRUTH OF UNPROVEN ASSERTIONS IN COURT-FILED DOCUMENTS**

Plaintiffs' Request violates black-letter law dictating that documents filed with other courts can be judicially noticed (if relevant) *only* for their existence, and *not* for the truth of the matters asserted in such documents.  *See, e.g., Global Network Commc'ns, Inc.*, *supra*, 458 F.3d at 157; *Guzman v. United States*, 2013 WL 543343 (S.D.N.Y. Feb. 14, 2013); *Hartmann v. Apple, Inc.*, 2021 WL 4267820 at * 4 (S.D.N.Y. Sept. 20, 2021) (J. Woods).

Plaintiffs' Request asks the Court to take judicial notice of the four court-filed documents *not* to establish their existence, but rather to credit the truthfulness of the unproven statements they plucked from the documents and quote in the Request. *See* DN 45, ¶¶ 1-4. Plaintiffs' sole justification for seeking judicial notice of these documents is – according to Plaintiffs – because "they establish that there is a legitimate question of fact related to Plaintiffs' claims and ownership rights." [DN 45 at 4 (emphasis added)]. Putting aside Defendants' disagreement with Plaintiffs' contention, it is beyond dispute that these documents cannot "establish" anything unless – contrary to the plain text of Rule 201(b) and the black letter law in this Circuit – the statements they contain are accepted as true.

First, allegations of fact in complaints (three of the four documents) and in the letter of a litigant (the fourth document) are not subject to judicial notice under the plain text of Rule 201(b). None of these allegations (*e.g.*, concerning the Defendants' supposed "pattern and practice" of acquiring recordings and filing for copyrights [DN 45, ¶¶ 2 and 4)]) constitutes "a fact that is not subject to reasonable dispute because it: **(1)** is generally known within the trial court's territorial jurisdiction; or **(2)** can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Rule 201(b). A reasonable attorney making a reasonable inquiry prior to filing a request for judicial notice would have recognized that none of the matters included in the Request satisfied the requirements of Rule 201(b).

Second, in proceeding with the Request, Plaintiffs ignored insurmountable authority establishing that a request for judicial notice cannot succeed when, as with Plaintiffs' Request, it seeks to have the court credit the truth of allegations included in documents which are the subject of the request. *See, e.g.*, *Hartmann*, 2021 WL 4267820 at * 4 (J. Woods) (declining to take judicial notice of statements in answer and counterclaim filed in separate case as establishing copyright

8

claimant did not own copyrights in issue; ruling that "'judicial notice of a document filed in another court' is generally appropriate 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings'") (citation omitted); *In re DAAVP Indirect Purchaser Antitrust Litigation*, 903 F.Supp.2d 198, 211 (S.D.N.Y. 2012) ("Plaintiffs are asking this Court to look to facts alleged within documents filed in other court cases 'not to establish their existence, but rather to provide the reasoned basis for the court's conclusion,' . . . Judicial notice of these facts is not permitted under Federal Rule of Evidence 201."); *380544 Canada, Inc. v. Aspen Technology, Inc.*, 544 F.Supp.2d 199, 222 n.13 (S.D.N.Y. 2008) (rejecting request to take judicial notice of proceedings in another case because "Plaintiffs in essence ask that the Court consider McQuillin's statements [ ] for their truth, which the Court may not do"); *Morgan v. City of New York*, 2014 WL 3407714 at * 7 (E.D.N.Y. July 10, 2014) (declining request to take judicial notice; while "Court may take judicial notice of filings in other proceedings, [it] may not import the evidence and arguments from another case to bolster Plaintiff's case").[2]

This Court's award of sanctions in *Yeremis v. Amerit Fleet Solutions*, 2021 WL 1565693 (S.D.N.Y. April 21, 2021), is instructive. In *Yeremis*, as here, counsel proceeded with the filing of a motion after having been cautioned about the possibility of Rule 11 sanctions:

> Moreover, this is a case in which Mr. Zack had multiple opportunities to consider the wisdom of his course of action. This is not a situation in which the Court raised the prospect of Rule 11 sanctions with respect to the motion only after it was filed.

*Id.* at *13. Just as sanctions were awarded in *Yeremis*, so should they be awarded here.

---

[2] These are some of the relevant authorities. There are many others. *See, e.g., Weizmann Institute of Science v. Neschis*, 229 F.Supp.2d 234, 246-47 (S.D.N.Y. 2002); *Beede v. Stiefel Laboratories, Inc.*, 2014 WL 896725 at * 5 (N.D.N.Y. March 6, 2014); *Meola v. Asset Recovery Solutions LLC*, 2018 WL 4660373 at * 4 (E.D.N.Y. Sept. 28, 2018).

**B.    PLAINTIFFS' REQUEST SEPARATELY VIOLATES RULE 11 BECAUSE IT SEEKS JUDICIAL NOTICE OF IRRELEVANT DOCUMENTS**

Plaintiffs' Request does not offer any argument to support the relevance of taking judicial notice of the mere existence of these filed documents to the pending motion to dismiss. While this is unsurprising – because Plaintiffs' purpose in filing the Request was to cherry pick unproven allegations in the documents and pass them off as judicially noticeable "facts" – it does not excuse Plaintiffs failure to take account of the repeated rulings of courts within this Circuit that judicial notice is only appropriate where documents are relevant.

A reasonable attorney would have been aware of the precedent establishing that matters over which judicial notice is sought must be relevant to the issues before the court in the proceeding in which the request is made. *See, e.g.*, *Midamines SPRL Ltd. v. KBC Bank NV*, 601 F. App'x 43, 46 (2d Cir. 2015) (courts "need not take notice of generally irrelevant documents"); *Anthes v. New York Univ.*, No. 17CV2511 (ALC), 2018 WL 1737540, at *4 (S.D.N.Y. Mar. 12, 2018) ("[o]f course, a court can only sensibly take judicial notice of facts relevant to the matters before the court"; denying request for judicial notice of matters not relevant to pending motions); *Cabrera v. Dream Team Tavern Corp.*, 2016 WL 1627621 (E.D.N.Y. April 22, 2016) ("[C]ourts and commentators have required that the noticed facts be relevant."); *Torres v. Bay Area Credit Servs.*, No. 20CV9342-ALC, 2021 WL 406744, at *1 (S.D.N.Y. Feb. 5, 2021) (denying request for judicial notice "as the documents for which Plaintiff seeks judicial notice are irrelevant to the Court's decision."); *Bzeih v. Holder*, 473 F. App'x 69, 71 (2d Cir. 2012) (same); *Jacob's Vill. Farm Corp. v. Yusifov*, 2015 WL 5693706, at *4 (E.D.N.Y. Sept. 28, 2015) (same). *See also* §5104 *Facts Judicially Noticeable; Indisputability,* 21B Fed. Prac. & Proc. Evid. § 5104 (2d ed.) ("Although judicial notice is not 'evidence' so Rule 402 does not apply and Rule 201 does not require the noticed fact to be 'relevant', courts would be foolish to take judicial notice of an irrelevant fact").

10

Because the fact of the filing of the four documents is not relevant to the issues before the Court in this case and because Plaintiffs did not make – and cannot make – a nonfrivolous argument under the standards of Rule 11(b) as to why the relevancy requirement should not apply in this case, this is a separate basis upon which Rule 11 sanctions should be awarded.

## V.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court impose sanctions against Plaintiffs under Rule 11(c), including requiring payment of Defendants' reasonable attorney fees and expenses resulting from the violation and such other and further relief the Court deems just and proper.

Dated: August 19, 2022                                    Respectfully submitted,


                                                          FOX ROTHSCHILD LLP


                                                          _____
                                                          Alan R. Friedman, Esq.
                                                          Philip Z. Langer, Esq.
                                                          101 Park Avenue, Suite 1700
                                                          New York, New York 10178
                                                          (212) 878-7900
                                                          *Counsel for Defendants*

11