UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  10/7/2023
```

---------------------------------------------------------------X

SHAUNA MCKENZIE-MORRIS,                      :
                                             :
                              Plaintiff,     :
                                             :         1:22-cv-1138-GHW
           -against-                         :
                                             :         MEMORANDUM
V.P. RECORDS RETAIL OUTLET, INC., *et al.*,  :         OPINION & ORDER
                                             :
                              Defendants.    :
                                             :
---------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

In August 2023, the Court dismissed a number of the claims brought by Plaintiff, Shauna

McKenzie-Morris, which were predicated on conduct that happened well over a decade before she

filed this lawsuit.  The Court permitted Plaintiff's breach of contract claims to proceed.  In this

opinion, the Court takes up Plaintiff's motion to reconsider the dismissal of her fraud claim.

Because the arguments and facts presented by Plaintiff in her Motion do not reach the high bar

required to grant a motion for reconsideration, the motion for reconsideration is DENIED.

## I.        BACKGROUND

On August 13, 2023, the Court issued a memorandum opinion and order ruling on

Defendants' motion to dismiss (the "Opinion").  Dkt. No. 123.  The Court described the factual and

procedural history of this case in the Opinion.  The Court assumes the reader's familiarity with the

Opinion, and as such it does not detail all of that history again here.

In the Opinion, the Court granted Defendants' second motion to dismiss in part, holding

that Plaintiff's copyright and fraud claims were time-barred and that her accounting claim was

preempted.  Opinion at 1.  As the Court explained in the Opinion, Plaintiff's copyright claims were

brought well after the expiration of the three year statute of limitations period applicable to such

claims and Plaintiff had failed to established that the doctrine of equitable estoppel would save her claims. *Id.* at 15-16.

The Court also dismissed Plaintiff's fraud claims because they were time-barred. *Id.* at 19-20. The Court did not hold that Plaintiff's fraud claims were inadequately pleaded. To the contrary, the Court had previously held that Plaintiff's fraud claims were not subject to dismissal because they were inadequately pleaded. In the Opinion, the Court wrote the following: "In the first motion-to-dismiss opinion, the Court found that these allegations—which alleged a specific misrepresentation, knowledge of the fact's falsity, an intent to induce reliance, justifiable reliance by Plaintiff, and damages—sufficiently stated a fraud claim against VP Records." *Id.* at 19.

In the Opinion, the Court explained that Plaintiff's fraud claims, as pleaded in the complaint, had accrued well outside of the statute of limitations for the claims. *Id.* ("the emails in which Chastan made what Plaintiff casts as misrepresentations about the relationship between VP Records and GPL were sent in July and October of 2008. . . . That is obviously far more than six years before Plaintiff commenced her suit in 2022 . . . ."). Therefore, the Court held, her claim was time barred by the statute of limitations "unless she could not 'with reasonable diligence have discovered' the fraud she alleges until two years before 2022." *Id.* The Court found, based on facts presented on the face of the complaint, that she could not make that showing. Among other things, Plaintiff attached to her complaint an email that showed that they were "sent by Chastan from his 'oc@vprecords.com' email address, and that he used a signature block that listed his title as 'VP Records Vice-President, International.'" *Id.* Plaintiff was the recipient of that email, and she responded to it. Third Amended Complaint, Dkt. No. 103, Ex. K. "These are facts that would cause a reasonably diligent person who did not want to sign an additional agreement with VP Records to further inquire about the relationship between VP Records and GPL; Plaintiff was not entitled to shut her eyes to these facts and wait over a decade to bring her fraud claim." *Id.*

On August 17, 2023, Plaintiff filed a letter which the Court construed as a motion for reconsideration of the Opinion.  Dkt. No. 128 (the "Motion").  In the Motion, Plaintiff argues that the allegations in the complaint suffice to state a claim for fraud.  Plaintiff walks through several elements that Plaintiff asserts must be shown in order to make out a claim for fraud ("1. Material misrepresentation or omission of a fact . . . . 2.  Knowledge of the fact's falsity . . . . 3.  An Intent to Induce Reliance . . . . 4.  Justifiable reliance by the plaintiff . . . . 5.  Damages.").  Motion at 2-3.  Plaintiff asserts her understanding that the Court's decision rested upon an "assumption of me being complicit" in some way with the fraudulent conduct.  *Id.* at 2.  In her Motion, Plaintiff asks that the Court "please look at the evidence provided and look at my position as a young artist and how I was manipulated into believing I was signing a publishing contract with a separate company, only to be trapped and ripped off [of] all my rights."  *Id.* at 4.  Plaintiff makes no substantive argument in her Motion, however, regarding the Court's conclusion that her fraud claim was barred by the statute of limitation.

Defendants filed an opposition to the Motion on August 31, 2023.  Dkt. No. 138 (the "Opposition").  In their Opposition, Defendants principally argue that Plaintiff's Motion does not meet the high standard required for a motion for reconsideration.  *Id.* at 2-5.

Plaintiff filed her reply to Defendants' Opposition on September 1, 2023.  Dkt. No. 139 (the "Reply").  In her Reply, Plaintiff responds to the Court's decision to dismiss her fraud claim on the basis of the statute of limitations.  She writes:  "The honorable Judge also mentioned the email attachment submitted as evidenced where I was copied (cc'd) on October 2008 stating that I should have known or diligently checked the emails going back and forth between my representative 'Peirce Stacey, Olivier Chastan and Alex Threadgold.'"  Reply at 2.  The Reply suggests that Plaintiff understands that the Opinion rests on a decision that Plaintiff was actually aware of the fraud in 2008.  *Id.* at 6 ("How could the honorable Judge Woods assume I discovered this fraud over a

decade ago?").  In her Reply, Plaintiff also presents "new evidence to further show that the actions

of the defendants are blatant misrepresentation and unethical behavior" that she asserts supports her

claims.  *Id.* at 6.

## II.     LEGAL STANDARD

### a.   Motion for Reconsideration

Motions for reconsideration are governed by Local Rule 6.3, which provides that the moving

party shall set forth "the matters or controlling decisions which counsel believes the Court has

overlooked."  "Motions for reconsideration are . . . committed to the sound discretion of the district

court."  *Immigrant Def. Project v. U.S. Immigr. and Customs Enf't*, No. 14-cv-6117 (JPO), 2017 WL

2126839, at *1 (S.D.N.Y. May 16, 2017) (citing cases).  "Reconsideration of a previous order by the

Court is an extraordinary remedy to be employed sparingly."  *Ortega v. Mutt*, No. 14-cv-9703 (JGK),

2017 WL 1968296, at *1 (S.D.N.Y. May 11, 2017) (quoting *Anwar v. Fairfield Greenwich Ltd.*, 800 F.

Supp. 2d 571, 572 (S.D.N.Y. 2011)).  As such, reconsideration should be granted only when the

moving party "identifies an intervening change of controlling law, the availability of new evidence,

or the need to correct a clear error or prevent manifest injustice."  *Robinson v. Disney Online*, 152 F.

Supp. 3d 176, 185 (S.D.N.Y. 2015) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable

Trust*, 729 F.3d 99, 104 (2d Cir. 2013)) (internal quotation marks omitted).

### b.   Standard of Review for *Pro Se* Litigants

Motions filed by *pro se* litigants are liberally construed and interpreted "to raise the strongest

arguments that they *suggest*."  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)

(emphasis in original) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)); *see also, e.g., Erickson

v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . ." (citation

omitted)); *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) ("Where . . . the complaint was filed *pro se*,

it must be construed liberally to raise the strongest arguments it suggests." (quoting *Walker v. Schult*,

717 F.3d 119, 124 (2d Cir. 2013))).  However, "the liberal treatment afforded to *pro se* litigants does not exempt a *pro se* party from compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (internal quotation marks and citation omitted); *see also Rahman v. Schriro*, 22 F. Supp. 3d 305, 310 (S.D.N.Y. 2014) ("[D]ismissal of a *pro se* complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." (citing *Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997))).

### III.    ANALYSIS

Plaintiff's motion for reconsideration should be denied because the Motion does not meet the high bar for a motion for reconsideration.  There has been no change in controlling law. Plaintiff does not present new evidence that affects the Court's decision.  There is no clear error that requires modification of the Opinion.

Plaintiff's Motion seems to rest in part on a misapprehension of the basis for the Court's ruling.  As noted above, Plaintiff takes issue with what she asserts to have been the Court's conclusion that she had actual knowledge of the fraud at the time that the fraud was committed.  *See, e.g.,* Reply at 6 ("I do believe the honorable Judge Woods may have made a clear error in my assessment of my discovery of the fraud . . . .")

The Opinion did not hold that Plaintiff actual knowledge of the fraud in 2008.  Instead, the Opinion held that she could "with reasonable diligence" have discovered the fraud.  As the Opinion points out, among other things, Plaintiff was sent and responded to (and was not merely cc'd on, as the Motion suggests) an email from the person who she claims misled her into believing that he was not connected to VP Records, in which his email signature identified him as an officer of VP Records.  "These are facts that would cause a reasonably diligent person who did not want to sign an additional agreement with VP Records to further inquire about the relationship between VP Records and GPL; Plaintiff was not entitled to shut her eyes to these facts and wait over a decade to bring

her fraud claim." Opinion at 20.

### IV.     CONCLUSION

For the reasons stated above, Plaintiff's motion for reconsideration is DENIED.

SO ORDERED.

Dated:  October 7, 2023
New York, New York

_____
GREGORY H. WOODS
United States District Judge