UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAUNA MCKENZIE-MORRIS,<br><br>       Plaintiff,<br><br>   -against-<br><br>V.P. RECORDS RETAIL OUTLET, INC., et al.,<br><br>       Defendants. | 22-CV-1138 (JGLC)<br><br>**ORDER** |

JESSICA G. L. CLARKE, United States District Judge:

  On October 31, 2022, Judge Woods issued a Memorandum Opinion and Order granting Defendants' Motion for Sanctions against Plaintiff's former counsel, Miami Entertainment Law Group ("MELG") and attorney Celeste McCaw. ECF No. 66. Nearly one year later, MELG and Ms. McCaw submitted a motion for reconsideration of that Order. ECF No. 147. For the following reasons, the motion for reconsideration is DENIED.

  First, the reconsideration motion is untimely. Local Rule 6.3 states that motions for reconsideration "shall be served within fourteen (14) days after entry of the Court's determination of the original motion." The Court granted Defendants' sanctions motion nearly one year ago, ECF No. 66, and awarded fees to Defendants on July 10, 2023, ECF No. 122. The Court gave MELG and Ms. McCaw three months to pay the sanctions. The movants did not file this motion for reconsideration until two weeks before the due date to pay the sanctions, well after the 14-day deadline to file a motion for reconsideration.

  Second, the movants' claim that the Court permitted Defendants to submit evidence to the Court in support of their motion that the movants did not have access to is baseless. The Court requested that Defendants submit to the Court native versions of the fees spreadsheet Defendants filed in PDF format on ECF. ECF No. 114. Defendants confirmed that the native spreadsheets

emailed to the Court contained identical information as those filed on the docket. ECF No. 153. As such, the movants were not deprived of new or supplemental evidence.

Third, MELG and Ms. McCaw present no other valid grounds for reconsideration. Instead, they rehash old arguments and raise new (and meritless) arguments that could have been advanced previously. "It is well-settled that [a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple. Rather, the standard for granting a . . . motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (cleaned up)). Here, the movants fail to point to a controlling decision or data that the Court overlooked that supports their arguments. They also failed to identify any other exceptional circumstance warranting reconsideration. *Green v. Phillips*, 374 F. App'x 86, 89 (2d Cir. 2010) (finding that "[m]ere disagreement with the district court's underlying judgment does not present extraordinary circumstances or extreme hardship" warranting reconsideration).

For these reasons, MELG and Ms. McCaw's reconsideration motion is DENIED.

Dated: October 16, 2023
       New York, New York

                                              SO ORDERED.

*Jessica Clarke*
JESSICA G. L. CLARKE
United States District Judge