UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAUNA MCKENZIE-MORRIS<br><br>Plaintiff,<br><br>v.<br><br>V.P. RECORDS RETAIL OUTLET, INC., V.P. MUSIC GROUP, INC., V.P. RECORD DISTRIBUTORS, LLC, V.P. RECORDS OF BROOKLYN LLC, GREENSLEEVES PUBLISHING, LTD and STB MUSIC INC.<br><br>Defendants. | Civil Action No.: 1:22-cv-01138 (JGLC)<br><br>CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER |

**JESSICA G. L. CLARKE, United States District Judge:**

The Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, and the parties having stipulated to the following provisions, it is hereby **ORDERED** that any person subject to this Order – including without limitation the parties to this action, their attorneys, representatives, agents, experts, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order, shall adhere to the following terms:

**Discovery Materials May Be Designated as Confidential:**

1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing Discovery Material may designate as "Confidential" any portion thereof that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing person, seriously harm the producing person's business, commercial, financial, or personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others.

3. With respect to the confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as "Confidential" either on the record during the deposition or in writing within five (5) business days of receipt of the transcript. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4. If at any time prior to the trial of this action, a producing person realizes that some portion of Discovery Material that that person previously produced without limitation should be designated as "Confidential," the producing person may so designate that portion by promptly notifying all parties in writing. Such designated portion of the Discovery Material will thereafter be treated as Confidential under the terms of this Order. In addition, the producing person shall provide each other party with replacement versions of such Discovery Material that bears the "Confidential" designation within two (2) business days of providing such notice.

5. To the extent a party to this action serves a subpoena on any third-party in connection with this litigation, the party serving the subpoena must include a copy of this Protective Order with service of the subpoena.

**Who May Receive Confidential Materials:**

6. No person subject to this Order, other than the producing person, shall disclose any Confidential Discovery Material to any other person whomsoever, except to:

   a. the parties to this action;

   b. counsel retained specifically for this action who have entered an appearance, including any paralegal, clerical or other assistant employed by such counsel and assigned specifically to work on this action;

   c. as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy;

   d. any person retained by a party to serve as an expert witness in connection with this action;

   e. stenographers and video technicians engaged to transcribe or record depositions conducted in this action;

   f. independent photocopying, graphic production services, or other litigation support services employed by the parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation or e-discovery system;

   g. the Court and its staff; and

    h.  any other person whom the producing person, or other person designating the Discovery Material "Confidential," agrees in writing may have access to such Confidential Discovery Material.

7. Prior to the disclosure of any Confidential Discovery Material to any person referred to in subparagraph 6(d) or 6(h) above, such person shall be provided with a copy of this Protective Order and shall sign a Non-Disclosure Agreement, in the form annexed hereto as **Exhibit A**. The parties shall retain each signed Non-Disclosure Agreement and produce it to the opposing party or to the opposing party's counsel, either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

**Filing Confidential Materials in this Action:**

8. In the event a party challenges another party's or another person's designation of Discovery Material as "Confidential," the parties shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Discovery Material disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of Confidential Discovery Material.

9. Notwithstanding the designation of material as "Confidential" in discovery, there is no presumption that such Confidential Discovery Material will be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

10. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if

such material was previously designated as Confidential or sealed during pretrial proceedings.

11. Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material and may not use such Confidential Discovery Material for any purpose other than the prosecution or defense of claims in this litigation.

**Inadvertent Disclosure of Privileged Materials:**

12. If, in connection with this litigation, and despite having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege or attorney work product, a producing person inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

13. If a disclosing person makes a claim of inadvertent disclosure, all receiving persons shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification that all such information has been returned or destroyed.

14. Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing person shall produce a privilege log with respect to the Inadvertently Disclosed Information.

15. If a receiving person thereafter moves the Court for an order compelling production of the Inadvertently Disclosed Information, that motion shall be filed under seal, and shall not

assert as a ground for entering such an order the mere fact of the inadvertent production. The disclosing person retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

**Termination of the Litigation:**

16. This Protective Order shall survive the termination of the litigation. Within 30 days of the full and final disposition of this action (whether by settlement or Order of this Court), all Confidential Discovery Material and all copies thereof, shall be promptly returned to the producing person, or certified as destroyed.

**SO STIPULATED AND AGREED.**

Dated: October 30, 2023

| **FOX ROTHSCHILD LLP** | **SHAUNA MCKENZIE-MORRIS** |
|---|---|
| _/s/ Philip Langer_ | _/s/_ |
| Alan R. Friedman, Esq. | |
| Philip Z. Langer, Esq. | *Pro Se Plaintiff* |
| 101 Park Avenue, Suite 1700 | |
| New York, New York 10178 | |

*Counsel for Defendants V.P. Records Retail Outlet, Inc., V.P. Music Group, Inc., V.P. Record Distributors, LLC, V.P. Records of Brooklyn LLC, Greensleeves Publishing, Ltd. and STB Music, Inc.*

**SO ORDERED:**

_/s/ Jessica Clarke_
HON. JESSICA G. L. CLARKE
United States District Judge

Dated: October 31, 2023
New York, New York

6

## EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHAUNA MCKENZIE-MORRIS<br><br>Plaintiff,<br><br>v.<br><br>V.P. RECORDS RETAIL OUTLET, INC., V.P. MUSIC GROUP, INC., V.P. RECORD DISTRIBUTORS, LLC, V.P. RECORDS OF BROOKLYN LLC, GREENSLEEVES PUBLISHING, LTD and STB MUSIC INC.<br><br>Defendants. | **Civil Action No.: 1:22-cv-01138**<br><br><br>**NON-DISCLOSURE AGREEMENT** |

  I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose any Confidential Discovery Material to anyone not permitted to receive them pursuant to the terms of the Protective Order. I further agree not to use any such information for any purpose other than this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it.

Dated: _____ ___, 2023

                       _____

                           [Signature]