UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

SHAUNA MCKENZIE-MORRIS,

          Plaintiff,

                            Civil Action No.: 1:22-cv-01138-JGLC

      v.

V.P. RECORDS RETAIL
OUTLET, INC., V.P.
MUSIC GROUP, INC., V.P.
RECORD
DISTRIBUTORS, LLC, V.P.
RECORDS OF
BROOKLYN LLC,
GREENSLEEVES
PUBLISHING, LTD and STB
MUSIC INC.



                           Defendants.

## MOTION TO COMPEL DEFENDANTS TO RESPOND TO INTERROGATORIES AND PRODUCE DOCUMENTS REQUESTED AS PER THE SCHEDULING ORDEER

November 21, 2023

Dear Honorable Judge Jessica G.L Clarke.

I am writing this motion letter in accordance with rule (3b) of the Honorable Judges Individual rules and practices of civil procedures in Pro Se cases. There is currently an unresolvable discovery dispute that requires your intervention and an informal conference. The defendants have disregarded the civil management and scheduling order jointed signed and ordered by your honor on October 4, 2023. The defendants waited until the deadline of November 20th to submit an email at 7: 30 pm failing to respond to the first set of interrogatories and documents requested. Instead of providing the documents and responding to the interrogatories they have opted to file a pre-mature partial summary judgement which will prevent the course of fair justice, surpassing all pertinent evidence, expert disclosures, discovery and depositions which will be used to prove claims are factual and not just mere allegations. Your honor by taking the current course they

have not only blatantly disregard your order but also they are actively preventing me from gathering the evidence they MUST provide for a fair trial.

1. **Cause of Action: Breach of 2007 Recording Agreement:** The defendants failed to respond to how they acquired several songs exploited on multiple albums and compilations prior to meeting plaintiff. I provided my evidence and proof of payments to the respective products in exhibit C of the (TAC pg.10 paragraph 30), however the defendants failed to provide licenses agreements and payments made to the producers or composers of those titles. The breaches herein filed in my TAC pg. 31 paragraph 106 - 109 relies on documents provided to either exculpate the defendants or find them guilty of the breaches. The plaintiffs MUST provide proof of ownership or license agreement to use said titles otherwise all royalty statements are illegitimate as none of the titles mention fall under the accounting clause of the 2007 recording agreement. The defendants also failed to provide records of income from their distributors Ingrooves which would further prove their inaccurate accounting practices. A report attained from a representative of V.P Records shows soundscan sales data released on October 28, 2014 a total of 17544 albums sold in the United States alone, which the full price per album was between $ 14.99 - 11.99. This would have to be verified from SoundScan though the document seems legitimate however, these sales data and gross or net earnings from this is not presented on any of the defendants' royalty statements. Your honor I ask that you to compel the defendants to provide the requested documents. In addition, I have requested copies of an affidavit filed by V.P business affairs attorney in the matter of Kemar McGregor v. V. P Music group et al, which shows the court the defendant has denied me of my rights in the titles and told the court they were transferred by Kemar Mcgregor which is false case no. 1:17-CV-03917-LB.

2. **Cause of Action: Breach of 2007 GPL agreement:** The GPL songwriter agreement pg. 10 clause 13, states that writer's account shall be credited 50% of all net proceeds from a litigation settlement arising from any infringement. The Defendants Greensleeves sued Tad's Records and settled, I've requested a copy of the settlement agreement, however the defendants refused. This evidence is related to the TAC p.g 33 paragraph 121 - 124. I have objected to the defendants' faulty royalty statements in previous periods as early as 2010. In addition to those breaches the defendants failed to provide the copyright certificates proving

the registration of the titles in accordance with the 2007 GPL songwriter agreement (p.g 12 clause 23- which state the ownership of the all titles under the agreements equally owned by writer and publisher and shall be registered for copyright by company in the name of company and writer. Your honor I further ask that you compel the defendants to provide the requested documents.

3. **Cause of Action: Breach of the 2014 co-publishing agreement:**  In accordance with this agreement p.g1 paragraph 4.1 I grant the defendants fifty percent ownership. Further on pg. 4 clause 7.2 writer shall receive 20% of all net sums licenses of the "publisher share". I have asked the defendant to provide the license agreement they signed with Warner Music Group granting them the rights to claim mechanical and performance royalties on the titles written under this agreement and they refused, this evidence shows the faulty accounting and inaccurate statements. The advance of $5000 paid 2014 and nine years later the defendants have not properly rendered correct accounting based on clause 7.3 which states writer shall be paid 50% of all compositions by synchronization rights. I have asked the defendants to produce direct payments from distributor and or any payments from third parties for the synchronization of "I Rise" licensed by BBC for their film "Death in Paradise" season 6 Episode 8. These documents support the claims on pg. 36 of the TAC paragraph 136 – 142. The defendants have failed to provide these documents which gives the proper calculations on income received in connection with the titles written under the 2014 GPL agreement and would further prove royalties owed to me. Your honor I ask that you compel the defendants to provide the requested documents.

My interrogatory request which is limited to thirty questions compared to the defendants sixty is attached to this motion, herein it can be observed that my requests are neither burdensome nor difficult to provide. The defendants are impeding the course of justice and I kindly ask that you intervene on this matter.

Sincerely,

Shauna McKenzie-Morris

Pro se Litigant

The parties are directed to meet and confer, in accordance with the Court's Individual Rules and Practices in *Pro Se* Civil Cases 3(b), by **December 1, 2023**. If the parties are not able to reach agreement, the parties may file a letter with the Court requesting a conference.

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

Dated: November 27, 2023
        New York, New York