UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAUNA MCKENZIE-MORRIS,<br><br>      Plaintiff,<br><br>  -against-<br><br>V.P. RECORDS RETAIL OUTLET, INC., et al.,<br><br>      Defendants. | 22-CV-1138 (JGLC)<br><br>**ORDER** |

JESSICA G. L. CLARKE, United States District Judge:

  Plaintiff moves to compel Defendants to produce various documents she maintains are relevant to her claims in this action. ECF No. 180. For the reasons stated herein, the Court GRANTS in part and DENIES in part Plaintiff's motion.

  Plaintiff seeks to compel Defendants to produce: (1) "licenses agreements and payments made to producers or composers of the titles in question"; (2) certain copyright registrations; (3) records of payments from Defendants' distributors Ingrooves; (4) an alleged settlement agreement between Defendants and Kemar McGregor; (5) an alleged settlement agreement between Defendants and Tad Records; (6) a licensing agreement with Warner Music; and (7) records of payments from third parties and a distributor related to the use of Plaintiff's song "I Rise" in a BBC film. ECF No. 180 at 2–3.

  As an initial matter, Defendants maintain that they already produced records of payments from third parties and a distributor related to the use of "I Rise" in a BBC film (Category 7). ECF No. 187 at 3. Accordingly, this portion of Plaintiff's motion is denied as moot. Defendants also claim that there is no relevant settlement between Defendants and Tad Records (Category 5). *Id*. The Court also denies this portion of Plaintiff's motion.

The Court grants Plaintiff's motion with respect to the remaining categories of documents requested in Categories (1) – (4) and (6). Defendants' central argument is that they refused to produce documents to the extent Plaintiff seeks information that is subject to an incontestability provision found in the parties' agreements or information that is only relevant to a time-barred claim. *Id*. at 1–3. These arguments about the incontestability provision and a portion of Plaintiff's claims being time-barred are raised in Defendants' partial motion for summary judgment. ECF Nos. 168–172. Plaintiff has not yet had a chance to respond to, and the Court has not yet ruled on, Defendants' motion. While the information may ultimately prove to be irrelevant if the Court grants Defendants' motion, the Court has yet to make that determination.

Although it is unclear whether these documents are responsive to Plaintiff's first or second set of document requests, Defendants shall produce these documents **by January 3, 2024**, Defendants' deadline to respond to Plaintiff's second set of document requests.

Dated: December 18, 2023
New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge