UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHAUNA MCKENZIE-MORRIS,

                Plaintiff,

-against-

V.P. RECORDS RETAIL OUTLET, INC., et al.,

                Defendants.

22-CV-1138 (JGLC)

**MEMORANDUM OPINION AND ORDER**

---

JESSICA G. L. CLARKE, United States District Judge:

    Plaintiff Shauna McKenzie-Morris, who is currently proceeding *pro se*, filed this action against Defendants V.P. Records Retail Outlet, Inc., V.P. Music Group, Inc., V.P. Record Distributors, LLC, V.P. Records of Brooklyn, LLC, Greensleeves Publishing, Ltd, and STB Music Inc. (collectively, "Defendants"), which are various record labels, distributors, and publishers. Plaintiff's copyright infringement and fraud claims were previously dismissed, leaving only her breach of contract claims. And this Court has found—through two summary judgment rulings—that her remaining breach of contract claims are further limited by provisions and clauses in the applicable agreements (as well as statutes of limitation). ECF Nos. 240, 289 (the "SMJ II Order"). Plaintiff now seeks leave from this Court to file a reconsideration motion of the SMJ II Order. ECF No. 291 ("Letter Mot."). For the reasons set forth below, Plaintiff's application is DENIED.

    "It is well-settled that [a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (cleaned up). Local Rule 6.3 dictates that any motion for reconsideration shall be based upon "the matters or controlling decisions which counsel believes the court has

overlooked." L. CIV. R. 6.3. The rule "is to be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly construed by the court." *Lent v. Fashion Mall Partners, L.P.*, 243 F.R.D. 97, 98 (S.D.N.Y. 2007) (internal citation omitted). In other words, a motion for reconsideration will be denied unless the moving party can point to data "that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

The SMJ II Order concluded: (1) that English law governs the 2007 SWA;[1] (2) that under English law, the 2007 SWA incontestability provision is valid and enforceable, and therefore Plaintiff's cause of action is dismissed to the extent it can be shown to be barred by that provision (i.e., that a royalty statement was not "specifically" objected to, and that with respect to any royalty statement, it does not have a royalty carried forward balance which was not previously objected to); and (3) that with respect to Plaintiff's composition claim under section 23 of the 2007 SWA, it is barred to the extent it concerns any registrations or conduct outside the applicable six-year statute of limitations.

Here, Plaintiff has not pointed to any controlling decision, facts, or data that the Court overlooked that supports her arguments. Instead, Plaintiff merely seeks to relitigate issues the Court recently decided, attempts to amend her complaint through her correspondence with the Court, or otherwise misconstrues the findings and conclusions the Court reached in the SMJ II Order. Because Plaintiff has not provided any reason for this Court to revisit or revise the above summarized conclusions of the SMJ II Order, the request is denied. *See Green v. Phillips*, 374 F. App'x 86, 89 (2d Cir. 2010) (summary order) (finding that a "[m]ere disagreement with the

---

[1] Unless otherwise indicated, any capitalized and defined terms shall have the same meaning as those indicated in the SMJ II Order.

district court's underlying judgment does not present extraordinary circumstances or extreme hardship" warranting reconsideration).

Notwithstanding this denial, the Court notes that a review of Plaintiff's Letter Motion suggests the need for clarity regarding: (1) the remaining claims in this action; and (2) Plaintiff's ability to pursue certain theories of the case. The Court provides this summary below.

Plaintiff filed the TAC asserting the following causes of action: breach of contract of the three Agreements, copyright infringement, fraud, and an accounting. TAC ¶¶ 105–230. Through a series of rulings, Plaintiff's claims have been dismissed or limited. First, Judge Woods dismissed Plaintiff's copyright, fraud, and accounting claims. ECF No. 123. Next, this Court, in a partial summary judgment order, narrowed Plaintiff's breach of contract claims for the 2007 Recording Agreement and 2014 Co-Publishing Agreement based on certain provisions in those contracts, and dismissed certain portions of these claims as time-barred. ECF No. 240 at 1–2. Finally, as summarized above, in the recent SMJ II Order, the Court further limited the second cause of action with respect to the 2007 SWA.

As to the 2007 SWA, Judge Woods aptly summarized the allegations concerning royalties in his prior Order:

> And like the [2007 Recording Agreement], the [2007 SWA] was structured so that once GPL recouped the money that it had paid as an advance on royalties and any expenses incurred in executing the agreement, Plaintiff was entitled to royalty payments. Plaintiff alleges, however, that despite her performance and the fact that GPL recouped all of its expenses, GPL has failed to fully pay her royalties under the Songwriter Agreement.

ECF No. 123 at 4 (cleaned up). The TAC asserts that Defendants failed to "timely provide accurate accounting statements in violation of provision 8.1," TAC ¶ 123, and failed to "properly register ownership of all Compositions jointly owned by [Plaintiff] and Defendants . . . ." TAC ¶ 124. Plaintiff claims that GPL owes her royalty payments because GPL has "fully recouped the

3

Advance paid to [Plaintiff]." TAC ¶ 87. And the TAC sets forth a list of compositions which were apparently not registered in accordance with section 23 of the 2007 SWA. ECF No. 103-2 at 124–136.

Thus, as a result of these prior rulings and orders, only the following claims (and theories of those claims) remain in this action:

- Breach of the 2007 Recording Agreement based on unpaid royalties, to the extent not barred by the incontestability clause (*see* ECF No. 240 at 15–16);

- Breach of the 2007 SWA based on alleged unpaid royalties and a failure to properly register compositions, to the extent not barred by the incontestability clause or the six-year statute of limitations.[2] (*see* SMJ II Order at 13–18); and

- Breach of the 2014 Co-Publishing Agreement for unpaid royalties, to the extent not barred by the incontestability clause (*see* ECF No. 240 at 16–19).

To the extent a fact or issue relates to the above remaining claims, and they are not barred by an incontestability provision, applicable statute of limitations, or other issue as noted in prior orders, Plaintiff is free to adduce it at trial to make her case for breach.

Plaintiff, however, is not permitted to present new theories of contract breach, which are not in the TAC. Here, Plaintiff contends that SMJ Order II did not address Plaintiff's claim regarding an alleged breach of 3.1(a) of the 2007 SWA. She argues that Defendants breached this provision by allegedly exploiting works that were created before the execution of the 2007 SWA.

---

[2] While not expressly stated in the SMJ II Order, having found the statute of limitations valid for the 2007 SWA, Plaintiff's section 23 composition may be completely extinguished because all of the registrations cited in Exhibit Q of the TAC were all registered prior to January 2016. ECF No. 103-2 at 124–136. However, the list is described as "non-exhaustive," TAC ¶ 86, and so Plaintiff is not technically precluded from challenging registrations within the limitations period to the extent such evidence has been adduced during discovery.

4

Letter Mot. at 1–2. This theory of breach is nowhere in the TAC, and Plaintiff cannot amend her complaint through briefing either in her opposition to summary judgment or in her motion for reconsideration. *See, e.g., Scott v. City of New York Dep't of Corr.*, 641 F. Supp. 2d 211, 217 (S.D.N.Y. 2009) (declining to consider claims not pleaded in *pro se* complaint, but raised for the first time in opposition to summary judgment), *aff'd sub nom. Scott v. N.Y.C. Dep't of Corr.*, 445 F. App'x 389 (2d Cir. 2011) (summary order); *Alster v. Goord*, 745 F. Supp. 2d 317, 332 (S.D.N.Y. 2010) (similar).

Plaintiff also continues to refer to two alleged "fraudulent and unauthorized licensing agreements" for her Roots and Wrong Address compositions. Letter Mot. at 3. As the Court previously stated, this appears, at most, to relate to Plaintiff's now dismissed claims. SMJ II Order 16–17. Plaintiff appeared to concede as much in her summary judgment papers. *Id.*; *see also* ECF No. 263 at 17 (Plaintiff arguing that the licensing agreements indicate fraud by Defendants); *id.* at 18 (Plaintiff arguing that had she known of the licensing agreements sooner, "she could have taken legal action to challenge the unlawful use of her works."). And in her latest letter, Plaintiff appears to cite these agreements to support her unpled theory regarding Section 3.1(a) of the 2007 SWA. ECF No. 293 at 2. But again, a violation of Section 3.1(a) of the 2007 SWA is not alleged in the TAC. And in fact, these appear to be the same allegations that Plaintiff sought to add in a fourth amended complaint (ECF No. 219), which the Court denied. ECF No. 240. Therefore, any alleged fraudulent or deceptive licensing by reference to these two agreements—even if Plaintiff were correct the agreements were unauthorized—similarly do not relate to the remaining breach of contract claims in this case.

In short, Plaintiff's continued reference to these issues appear to be for the purpose of pleading new factual theories or claims, not supporting existing ones. Allowing Plaintiff to

pursue these new theories would prejudice Defendants, who cannot be said to have been on notice of these claims. *See, e.g., Carzoglio v. Paul,* No. 17-CV-3651 (NSR), 2024 WL 776031, at *8 (S.D.N.Y. Feb. 26, 2024) (declining to consider *pro se* plaintiff's new theory of liability that was not previously alleged in the complaint, and noting the "central purpose of a complaint is to provide the defendant with notice of the claims asserted against it.") (cleaned up).

    As such, Plaintiff is limited to the claims listed above, and her letter motion request for leave to file a reconsideration motion is DENIED.

Dated: June 12, 2025
       New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge